# CASES

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

SEPTEMBER TERM, 1870.

GEORGE A. BUCK

*v.*

RUFUS K. DELAFIELD, Executor.

1. TAX TITLE—*necessity of supporting the deed by a judgment and precept.* In a suit in chancery to foreclose a mortgage against the mortgagor and the grantee of the equity of redemption, the latter relied upon a tax title to prevent a foreclosure; but on the hearing produced only a tax deed, without judgment or precept: *Held,* the court properly decreed a foreclosure.

2. FORECLOSURE—*distribution of surplus.* In a suit to foreclose a mortgage against the mortgagor, who has parted with his interest in the premises, it is error to order any surplus that may remain on a sale, after payment of the mortgage, to be paid over to the mortgagor. The surplus should be ordered to be brought into court, in order that its proper distribution may be directed.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

The opinion states the case.

Messrs. RANDALL & FULLER, for the appellant.

Mr. G. D. A. PARKS, Mr. W. I. CULVER and Mr. E. S. HOLBROOK, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill to foreclose a mortgage, brought against the mortgagor and the grantee of the equity of redemption. The latter set up in his answer that he had a tax title on the land, but on the hearing offered only a tax deed, without judgment or precept, and the court properly decreed a foreclosure. The only error in the record is, that the court ordered any surplus that might remain on the sale, after payment of the mortgage, to be paid over to the mortgagor, who seems to have parted with his interest in the premises. The decree should be so modified as to order the surplus to be brought into court, which will then decide upon its distribution; and for this purpose the decree is reversed and the cause remanded.

*Decree reversed.*